IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOESEPH TOWNSEND, #Y40145,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-02319-RJD |
| | ) |
| **SGT. MERRIMAN,** | ) |
| **SGT. BENARD, and** | ) |
| **DARREN GALLOWAY,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Joeseph Townsend filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 for alleged constitutional violations stemming from the denial of yard access for six months at Shawnee Correctional Center.[1] (Doc. 15). He seeks monetary relief. *Id*. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A,[2] which requires the Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *Id*. At this stage, the allegations are construed liberally in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**FIRST AMENDED COMPLAINT**

Plaintiff makes the following allegations (Doc. 15, pp. 1-21): Defendants denied Plaintiff access to the prison yard while he was housed in Shawnee Correctional Center's Restrictive

---

[1] This case was severed from *Townsend v. Vaughn, et al.*, No. 24-cv-01758-DWD (S.D. Ill.).
[2] The Court has jurisdiction to screen the First Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

Housing Unit (RHU) between December 3, 2023 and June 8, 2024. *Id*. at 8. During this 186-day time period, Sergeants Merriman and Benard denied Plaintiff's requests for yard access every day, except May 2, 2024, May 10, 2024, May 22, 2024, and May 31, 2024. Defendants knew that Plaintiff's cell was too small for the exercises he required. *Id*.

Plaintiff suffered from obvious joint problems. He was treated for severe and chronic joint pain in Shawnee's health care unit (HCU) starting in 2022. Dr. David, Nurse Casey, and Nurse Vicky diagnosed him with arthritis and Osgood-Schlatter Disease.[3] Plaintiff was instructed to refrain from all strenuous activity, and he was ordered to walk at a moderate pace on stairs or in laps around the yard for exercise. Dr. David also issued Plaintiff medical permits for eight ace bandages, including two for each of his wrists, elbows, ankles, and knees. Plaintiff wore these bandages daily until February 7, 2024. *Id*. Staff members and inmates frequently asked him to explain why he wore bandages around his joints, so defendants were aware of his condition. *Id*.

Plaintiff also informed both sergeants about his medical condition and the recommendation for exercise. At the beginning of each shift, Plaintiff asked Sergeant Merriman to attend yard, but the sergeant denied his requests. Sergeant Benard eventually replaced Sergeant Merriman as the 5-day officer in the RHU, and this sergeant also denied Plaintiff's access to the yard every day, except for the four days noted in May 2024. Both sergeants were aware of his medical condition, restrictions, and recommendations for exercise when they denied him yard access, and the sergeants operated under orders of Warden Darren Galloway. *Id*.

Plaintiff eventually learned that his name was included on the staff's whiteboard list of staff assaulters ("SA") with no yard ("NY") privileges. The board also listed the length of each

---

[3] Osgood-Schlatter Disease is a condition in which the area where the tendon from the kneecap connects to the shinbone becomes inflamed and swollen, causing pain just below the knee. *See* https://www.hopkinsmedicine.org/health/conditions-and-diseases/osgoodschlatter-disease (March 3, 2025).

inmate's placement in segregation, including their entry and exit dates. Sergeants Merriman and Benard told Plaintiff that Warden Galloway required them to deny yard access to anyone with an assault or fight record of any kind. *Id*. at 9.

However, Plaintiff is not a staff assaulter and was not punished with a denial of yard privileges. He transferred into the RHU as punishment for his involvement in a *non*-staff assault on December 3, 2023. Following a disciplinary hearing, he was found guilty and punished with twenty-eight days in segregation, three months of C grade, and six months of contact visit restrictions. *Id*. at 9-10. Warden Galloway signed off on the final disciplinary hearing summary and report. *Id*. at 10.

Plaintiff grieved the denial of yard access and exercise opportunities. Counselor Zachary Moore contacted Sergeant Benard to discuss the matter on April 6, 2024. Instead of claiming that he restricted yard access pursuant to orders from Warden Galloway, Sergeant Benard lied and stated that Plaintiff was offered and refused to attend yard. Plaintiff insists that he requested and was denied yard access every day by the defendants. *Id*.

In all, Plaintiff was denied yard for 182 out of 186 days between December 3, 2023 and June 8, 2024. Defendants allegedly knew he was diagnosed with a medical condition that required regular exercise in the yard, and they knew he was unable to complete this exercise in his cell. *Id*. at 9. Due to this deprivation, Plaintiff suffered significant muscle atrophy, cramps, pulled muscles, joint inflammation, and severe right ankle pain, leaving him unable to support any weight on his right ankle for 10 days. *Id*.

## DISCUSSION

The Court designates the following claim in the *pro se* First Amended Complaint:

Count 1: Eighth Amendment conditions-of-confinement or cruel and unusual punishment claim against Defendants Galloway, Merriman, and Benard for

3

> depriving Plaintiff of all yard access and exercise opportunities for 182 days between December 2023 and June 2024 and causing unnecessary pain and suffering associated with his arthritis and Osgood-Schlatter Disease.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face").**

This Eighth Amendment claim consists of an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 824, 834 (7th Cir. 1994). To satisfy the objective component here, Plaintiff must describe a sufficiently serious deprivation of a basic human necessity, such as food, shelter, clothing, exercise, or medical care. *Johnson v. Prentice*, 29 F.4th 895, 898 (7th Cir. 2022). To satisfy the subjective component, Plaintiff must describe deliberate indifference to this deprivation on the part of each defendant. *Farmer,* 511 U.S. at 837.

Plaintiff complains that he was denied access to exercise opportunities in the prison yard for 182 of 186 days, and this deprivation led to serious adverse consequences to his health, mobility, and pain levels. Exercise is recognized as "an indispensable component of preventative medicine." *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995). Prolonged or extreme denials of exercise opportunities can support a constitutional claim. *See Pearson v. Ramos*, 237 F.3d 881, 889 (7th Cir. 2001) ("[A] total restriction [on exercise] is acceptable only when that restriction is short term."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (7-week denial of recreation objectively serious); *Jamieson-Bey v. Thieret*, 867 F.2d 1046, 1048 (1989) (101-day denial of exercise for segregated prisoner objectively serious); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (6-month withholding of out-of-cell exercise sufficiently serious). Plaintiff alleges a total deprivation of exercise opportunities for 6 months, with the exception of 4 days.

4

This deprivation is sufficiently serious to support a claim at this stage. *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1986) (Where an inmate's movement is denied and muscles allowed to atrophy, an individual's health is threatened and the state's constitutional obligation is compromised).

Deliberate indifference occurs when a defendant has actual knowledge of impending harm that is easily preventable and disregards the risk of harm to an inmate. *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). According to the allegations, Defendants knew about Plaintiff's health conditions and orders for regular exercise that could not be completed in his cell. Defendants also allegedly knew that he was not a staff assaulter or subject to yard restrictions when they denied him exercise opportunities for 6 months. These allegations suggest that the defendants acted with deliberate indifference by denying all exercise opportunities. Count 1 survives screening against all three defendants in their individual capacities.

PENDING MOTION

Plaintiff's Motion to Supplement Complaint and Dismiss Jonathan Batarf (Mr. Buford) (Doc. 15-1) is **DENIED**. Plaintiff did not name this individual as a defendant or set forth any allegations against this person in the First Amended Complaint.

DISPOSITION

The First Amended Complaint (Doc. 15) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **SERGEANT MERRIMAN, SERGEANT BENARD,** and **DARREN GALLOWAY**, in their individual capacities.

The Clerk shall prepare for **SERGEANT MERRIMAN, SERGEANT BENARD,** and **DARREN GALLOWAY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the First Amended Complaint (Doc. 15), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants should only respond to the issues stated herein.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that any recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/5/2025**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.