IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOESEPH TOWNSEND<br><br>Plaintiff,<br><br>v.<br><br>JARED MERRIMAN, KYLE BENARD, and DARREN GALLOWAY,<br><br>Defendants. | Case No. 24-cv-2319-RJD |

**ORDER**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. Plaintiff alleges that he was denied access to the prison yard from December 2023-June 2024 at Shawnee Correctional Center ("Shawnee"), where he was housed at the time. Doc. 15. Plaintiff proceeds on one Eighth Amendment claim against Defendants Galloway, Merriman, and Bernard for allegedly inflicting cruel and unusual punishment upon him because Plaintiff could not exercise for six months (with the exception of 4 days) while confined to the Restrictive Housing Unit ("RHU") Doc. 16.

This matter comes before the Court on Plaintiff's pending motions. First, Plaintiff filed a Motion to Compel Defendants' responses to Plaintiff's Requests for Production. Doc. 34. Defendants apparently objected to Plaintiff's original requests and did not provide documents subject to those objections. Doc. 37. Plaintiff then moved to withdraw the Motion to Compel, explaining to the Court that he had prepared new Requests for Production that he would send to

Defendants' counsel. Doc. 38. The Motion to Withdraw (Doc. 38) is GRANTED and the Motion to Compel (Doc. 34) is terminated.

Plaintiff then filed a Motion to Compel Defendants' responses to Requests for Admission and additional Requests for Production. Doc. 46. Defendants responded, claiming that Plaintiff failed to certify that he met and conferred with their counsel regarding their objections. Doc. 49. Evidence of Plaintiff's attempts to confer with defense counsel is attached to his Motion. Doc. 46, pp. 36-39. Defendants also explain that they cannot tell which of their Responses to the Request to Admit and for Production are at issue. Doc. 49. Plaintiff then filed a Reply to Defendants' Response. Doc. 50. Plaintiff's Reply was not timely under Local Rule 7.1(b)(2), but there was no objection; the Reply clarified which of Defendants' responses were at issue, which is helpful and will be considered by the Court. Doc. 50, p. 2.

**Requests for Production** (Doc. 46, p. 7-16; Doc. 50, p. 2)

1. A complete list of all inmates within Shawnee CC confined to Restricted Housing Unit #1 between the dates of December 3, 2023 through June 6, 2024.
2. A complete list of all inmates within Shawnee CC confined to Restricted Housing Unit #1 and #2 between the dates of December 3, 2023 and June 6, 2024*…for assaults against staff workers. *Make that all inmates from Jan. 2020-Jan. 2025.

Doc. 46, pp. 7-8.

Defendants responded that they had requested from staff at Shawnee "to see if they are able to compile a list in line with Plaintiff's request and will supplement as necessary." **The Court agrees with Plaintiff that it is time for Defendants to supplement their answers, as their counsel apparently made this request to staff at Shawnee at least six months ago. Defendants shall supplement their answers to Requests for Production #1 and #2 by**

**September 18, 2026.**

A) II. Personnel files of Sgt. Merriman and Sgt. Benard…even more specifically…the sergeants' disciplinary records from Jan. 2020-2025, along with documents identifying any informal or formal complaint made against them in regards to their performance of RHU duties and their refusal of RH services to any inmates.

Doc. 46, p.3

Defendants object that the request for the entire personnel files of Defendants Merriman and Benard is overbroad and not proportional to the needs of the case. Plaintiff contends that he needs Defendants' personnel files to show a "clear pattern and practice of Shawnee C.C. officials denying RHU inmates services." Doc. 46, p. 3. The Court agrees with Defendants that this request is overly broad. Plaintiff does not need to prove a pattern and practice at Shawnee to prove that Defendants violated his Eighth Amendment rights. **However, the issue of whether Defendants were disciplined for denying services to RHU inmates from January 2020-June 2024 is relevant and discoverable (though perhaps not admissible at trial) to the issue of Defendants' mindset.[1] On or before September 18, 2026, Defendants shall supplement their responses to this Request to inform Plaintiff whether they were disciplined from January 2020-June 2024 for denying services to RHU inmates. Defendants shall sign and attest their responses as required by Federal Rule of Civil Procedure 33(b)(3).**

B). A complete list identifying all inmates confined to RHU between Jan. 2020 and Jan. 2025.

---

[1] To prove an Eighth Amendment claim, Plaintiff must establish that Defendants were subjectively aware that their actions caused a serious risk of harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

> The grievance records of all inmates identified by that list.
>
> Documents identifying all inmates on aforementioned list confined to RHU for assault against staff members.

Doc. 46, p. 4.

Defendants object that this request would require review of every grievance filed by RHU inmates over a five-year period and is therefore unduly burdensome. Plaintiff contends that this evidence is relevant to show a "pattern and practice", which is not an element that he must prove in his claims against Defendants individually. Defendants' objections to the grievance records and documents identifying the inmates in the RHU for assaulting staff members are sustained. **However, as previously ordered, Defendants shall update their Responses to reflect the results of their efforts to compile a list of all Shawnee inmates in RHU #1 from December 3, 2023-June 6, 2024 and all Shawnee inmates who were placed in the RHU #1 and #2 from January 2020-2025 because of staff assaults.**

> C). Any and all IDOC administrative and Shawnee institutional procedures, directives, policies, and training manuals for the handling of inmates in the RHU and the handling of inmates restrictively housed for assaults against staff workers.

Doc. 46, p. 5-6.

Defendants contend that this request is vague and encompasses "numerous policies and procedures that could be responsive to this request." Defendants produced some documents subject to their objections. The Court agrees that the request is vague, but finds that the production of procedures, directives, and policies regarding the denial of yard services to inmates in the RHU is sufficiently specific to the allegations in this case. **Defendants shall supplement their responses to include procedures, directives, and policies regarding the denial of yard**

**time to inmates in the RHU by September 18, 2026.**

> D.) Documents identifying all sergeants and correctional officers at Shawnee that worked RHU during the years 2021 through 2023…roster sheets for the three year period of 2021-2023 at Shawnee.

Doc. 46, p. 6.

Plaintiff explains that he needs these documents to determine which staff members to depose regarding RHU policies and procedures. Defendants contend that "Plaintiff provides no analysis as to why Defendants or witnesses listed in Defendants' initial disclosures would be unable" to provide this information and also raise multiple objections. The Court agrees with Defendants that the request, as written, is overly broad and seeks irrelevant information.

**Requests to Admit**

Plaintiff's Requests to Admit were posed to Defendants as Interrogatories. Doc. 46, pp. 42-57. Plaintiff asked the Defendants to provide him with information, instead of asking them to admit or deny that a factual statement is true. Defendants rightfully objected to this format but nonetheless made a good faith effort to answer. For example, Request to Admit #1 reads "Did you at any time between December 3, 2023 and June 6, 2023 work as the 5 day sergeant at Shawnee Correctional Center?" Defendant Merriman objected and then answered "defendant admits that he was a five day sergeant at some point between December 3, 2023 and June 6, 2024. Plaintiff's Motion to Compel further responses to the Requests to Admit is DENIED.

**Motion for Extension of Time**

Plaintiff asks the Court to extend the deadline for discovery, but does not ask for a specific amount of time nor specify the type of discovery he has left to complete. Doc. 51. The Court presumes that this Order will help Plaintiff determine what additional steps, if any, are necessary

to complete discovery. The discovery deadline will be extended to September 21, 2026 and the dispositive motions deadline will be extended to October 21, 2026.

**Motions for Recruitment of Counsel**

Plaintiff requests that the Court to recruit an attorney for him. Docs. 35 and 46, p. 2. There is no statutory or constitutional right to counsel in a civil case. However, this Court may recruit an attorney to represent a litigant who cannot afford counsel. 28 U.S.C. §1915(e). When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, Plaintiff attempted to find his own attorney. Doc. 35, p. 3. The Court is nonetheless satisfied that Plaintiff is competent to litigate this case on his own behalf. The issues alleged-whether Defendants' denial of yard time violated Plaintiff's Eighth Amendment rights-are not complex. Plaintiff communicates well with the Court and is mindful of orders and pending deadlines. *See*, *e.g*., Doc. 51. He is able to address arguments by defense counsel. *See, e.g*., Doc. 50. While this Order reflects some difficulties Plaintiff encountered with written discovery, he has overall engaged in the process and is able to coherently describe the information that he is seeking to the Court and defense counsel. Plaintiff's Motions (Doc. 35 and 36) are DENIED.

**Motion to Preserve and Tender Discovery**

Plaintiff filed a Motion asking the Court to order defense counsel to obtain and preserve security camera footage from the dietary hall and the RHU on December 3, 2023 from 4:00 p.m. to 7:00 p.m. Doc. 36. The Motion does not provide the Court with an explanation regarding the relevancy of this evidence. While an incident on December 3, 2023 presumably resulted in

Plaintiff's placement in the RHU, nothing in the Complaint suggests that whatever is visible on the security camera footage is a contested issue in this case. The Court notes that Defendants did not object, so the Court presumes that Defendants provided this footage for Plaintiff to view. If they did not, Plaintiff may refile the Motion but must include an explanation for the relevancy of the footage. The pending Motion to Preserve and Tender Discovery is DENIED.

**Conclusion**

On or before September 18, 2026, Defendants shall supplement their Responses to Plaintiff's Requests for Production with the following information:

- The results of Defendants' efforts to compile a list of "all inmates within Shawnee CC confined to Restricted Housing Unit 1 between December 3, 2023 and June 6, 2024."
- The results of Defendants' efforts to compile a list of "all inmates within Shawnee CC confined to Restricted Housing Unit #1 and #2 between the dates of January 2020-January 2025 for assaults against staff members."
- Procedures, directives, and policies regarding the denial of yard time to inmates in the RHU.
- Whether Defendants were disciplined from January 2020-June 2024 for denying services to RHU inmates. Defendants shall sign and attest this response as required by Federal Rule of Civil Procedure 33(b)(3).

Plaintiff's Motion to Compel (Doc. 46) is otherwise DENIED.

Plaintiff's Motion for Extension of Time to Conduct Discovery is GRANTED. Discovery shall be completed by September 21, 2026 and dispositive motions filed by October 21, 2026.

Plaintiff's Motions for Recruitment of Counsel (Docs. 35 and 46, p.2) and Motion to Preserve and Tender Discovery (Doc. 36) are DENIED. Plaintiff's Motion to Withdraw (Doc. 38) his original Motion to Compel (Doc. 34) is GRANTED.

**IT IS SO ORDERED.**

**DATED: August 18, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**